IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 21, 2022

## BALMORAL SHOPPING CENTER, LLC v. CITY OF MEMPHIS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4731-21      Carol J. Chumney, Judge**
_____

**No. W2022-01488-COA-T10B-CV**
_____

This is an appeal of a trial judge's denial of a Tennessee Supreme Court Rule 10B motion for the recusal of the trial judge from the case. We affirm the trial court's denial of the recusal motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Christopher L. Vescovo and Isaac S. Lew, Memphis, Tennessee, for the appellant, City of Memphis.[1]

## OPINION

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Balmoral Shopping Center, LLC ("Balmoral") owns the Balmoral Shopping Center in Memphis. The shopping center is located in close proximity to Ridgeway High School ("Ridgeway"). According to Balmoral's complaint, which was filed in November 2021 against the City of Memphis ("the City") and the Shelby County Board of Education ("the Board"), parents that pick their children up from Ridgeway park their vehicles in the shopping center parking lot, blocking driveways, parking spaces, and other traffic. Balmoral has alleged that the "City and the Board have allowed the unmitigated overflow of foot and vehicular traffic to continue onto the Property at issue and refused to use personnel on the school property to deter and or prohibit the flow of students and automobiles." In pursuing relief against these Defendants, Balmoral has

_____

[1] The other parties in this case have not participated in this appeal due to this appeal being considered solely on the City's submissions and without oral argument.

specifically asserted claims for nuisance, writ of mandamus, inverse condemnation, negligence, and gross negligence. Although previously assigned to another division of the Shelby County Circuit Court, the case was eventually transferred to Division Two. As is of particular relevance to this appeal, Division Two is now presided over by newly elected Judge Carol Chumney.

Although the recusal issue was first broached by the City during a status conference on September 7, 2022, shortly after Judge Chumney began her term as judge, the City filed a formal motion requesting the judge's recusal on September 13, 2022. As grounds for the motion, the City averred that it feared biased treatment due to Judge Chumney's prior representation of clients adverse to the City during her time as an attorney in private practice. In large part, the City relied upon Judge Chumney's prior participation as legal counsel in the "Beale Street Bucks Case," a federal case in which Judge Chumney's clients had challenged the constitutionality of a program that prohibited citizens from entering Beale Street on Saturday nights after 10 p.m. unless they paid a $10 fee. The City noted that, during her involvement in the Beale Street Bucks Case, Judge Chumney had made statements at an injunction hearing alluding to "security lapses" regarding crowds on Beale Street. According to the City, the allegations in the present case implicated similar issues as these former statements, giving it a reason for fearing biased treatment of its legal arguments. The City further specifically noted that Judge Chumney had represented a client adverse to the City as temporary substitute counsel during a period when the client's regular attorney was suspended from the practice of law. Although the City's filing ultimately tacitly acknowledged that Rule 2.11(A)(6)(a) of the Code of Judicial Conduct does not address recusal under the circumstances at issue here, the City's filing nonetheless devoted significant attention to interpreting the language in that rule, which requires disqualification when a judge "served as a lawyer *in the matter* in controversy." (Emphasis added).

Balmoral opposed the City's motion for recusal,[2] arguing that the City had advanced a "flawed argument" that "strains reasonableness." Balmoral noted that the matter in controversy in this litigation is "totally distinct" from the other cases referenced by the City, and it further contended that "bias and prejudice are only improper when they are personal." The trial court subsequently entered an order denying the City's motion to recuse, and the City then filed a petition for recusal appeal in this Court as is allowed by the Rules of the Supreme Court of Tennessee. *See* Tenn. Sup. Ct. R. 10B, § 2.01 (allowing for an accelerated interlocutory appeal as of right following the trial court's entry of an order denying a motion for the judge's disqualification or recusal). We proceed to address the appeal summarily based on the City's submissions alone and without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed); Tenn. Sup. Ct. R. 10B, § 2.06

---

[2] Insofar as the materials submitted on appeal indicate, the Board has abstained from taking a specific position on the recusal issue.

(providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

## DISCUSSION

The only order this Court may review in an appeal pursued under Tennessee Supreme Court Rule 10B is the trial court's order denying the motion to recuse. *Dougherty v. Dougherty*, No. W2021-01014-COA-T10B-CV, 2021 WL 4449649, at *2 (Tenn. Ct. App. Sept. 29, 2021) (citing *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012)). The general principles undergirding recusal issues are well settled:

> "The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

*Hawthorne v. Morgan & Morgan Nashville PLLC*, No. W2020-01495-COA-T10B-CV, 2020 WL 7395918, at *2 (Tenn. Ct. App. Dec. 17, 2020).

As briefly referenced earlier in this Opinion, the City's motion to recuse devoted much initial effort to construe the meaning of "matter" within Rule 2.11(A)(6)(a) of the Code of Judicial Conduct, which disqualifies judges who have "served as a lawyer in the matter in controversy." So too does the City's petition for recusal appeal filed in this Court. This focus on Rule 2.11(A)(6)(a) is ostensibly[3] in an attempt to suggest that Judge Chumney's prior representation of clients against the City as a private attorney, in *other* litigation, could require disqualification under the rule. To the extent that the City is

---

[3] The invocation of this authority and focus on it is ultimately somewhat confusing, however, given other statements by the City that serve to discount the possibility of applying it to the present facts and circumstances.

attempting to suggest that this case can be shoehorned under the disqualifying parameters of Rule 2.11(A)(6)(a), we respectfully reject its position. Very simply, none of the cited litigation history involving Judge Chumney as a private attorney establishes her participation in the "matter in controversy." In our view, there can be no reasonable debate surrounding this conclusion, and we observe that the balance of the City's arguments in the trial court and on appeal actually appear to have been developed in recognition of this fact. For instance, despite the ink spilled by the City on Rule 2.11(A)(6)(a), we observe that the City argues as follows in its petition on appeal:

> Even though Tennessee's disqualification rule does not specifically address recusal under the circumstances here presented . . . Comment 1 to Rule 2.11 clarifies that "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply."

Although the City therefore does ultimately appear to correctly acknowledge that Judge Chumney's prior participation in the Beale Street Bucks Case and others did not involve her service as an attorney in the "matter in controversy" here, there is still the general question of whether there are any circumstances causing Judge Chumney's impartiality to reasonably be questioned. The City is correct that recusal would be required under such circumstances if they existed, but for the reasons stated below, we agree with the trial court's conclusion that recusal under this standard is not required in the case at bar.

As a preliminary observation, we note that the City does not appear to maintain that Judge Chumney has any type of intrinsic absolute bias against the City, or the objective appearance of such. In fact, in connection with seeking recusal of Judge Chumney in the trial court, the City qualified its prayer for relief by stating that it was "cognizant that it may appear before [Judge Chumney] in future cases, and it does not take the position that recusal will always be necessary." As best as we can understand, outside of its tempered reliance on Rule 2.11(A)(6)(a), the City is maintaining that recusal is required simply because allegedly similar issues were involved in the Beale Street Bucks Case and because, in other litigation where Judge Chumney temporarily served as counsel for a client represented by an attorney suspended from the practice of law, papers and pleadings filed by the suspended attorney accused the City of fraud and of being involved in a conspiracy. We fail to see how Judge Chumney's prior participation in this other litigation as a private attorney should necessitate her disqualification from presiding over the present case. Although the City divines some type of mirroring of allegations against the City in the present case and in the Beale Street Bucks Case so as to make it fear prejudiced treatment against it in this action, the two cases, and the underlying claims themselves, are entirely different. Indeed, the Beale Street Bucks Case, which was concerned with the constitutionality of the Beale Street Bucks program that charged a fee for admission to Beale Street, involved substantive claims not implicated in any respect here. It is unclear to us how Judge Chumney's advocacy in that case demonstrates that her impartiality in the

present case should reasonably be questioned.

The City further relies on the fact that Judge Chumney briefly became counsel of record for a client otherwise represented by a suspended attorney who had made serious allegations against the City. In its petition on appeal, the City generally references Judge Chumney's participation in this other litigation as providing "[a]dditional compelling facts" supporting recusal. As best as we understand this argument, the City appears to assume that such allegations against the City were so charged or serious that they would provide a reasonable basis for questioning Judge Chumney's impartiality in the present case. Even ignoring the limited nature of Judge Chumney's participation in the litigation involving the suspended attorney and the fact that the complained-of filings were not submitted by Judge Chumney, it "must . . . be remembered that an attorney may not necessarily agree with an opinion expressed or a position advocated on behalf of his or her client." *Caudill v. Foley*, 21 S.W.3d 203, 215 (Tenn. Ct. App. 1999). Moreover, just because serious allegations may have previously been pursued against the City, it is not clear to us how this, in and of itself, should foreclose Judge Chumney's present judicial oversight. By way of analogy, we take note of the multiple examples in Tennessee jurisprudence where judges, in their prior positions as prosecutors, have prosecuted defendants for crimes, and then, in their subsequent careers as judges, have been allowed to preside over other cases involving the same subject defendants. *See, e.g.*, *State v. Dixon*, No. M2010-02382-CCA-R3-CD, 2012 WL 2356523, at *13 (Tenn. Crim. App. June 21, 2012) (discussing other cases on the topic and finding the defendant at issue was not entitled to any relief with respect to claim that the "judge's participation as a prosecutor in her prior conviction precluded his participation in the current trial, especially since her prior conviction was used to enhance her sentence").[4] Obviously, a judge's prior participation as counsel in litigation involving a particular party could, depending on the particular facts and circumstances, present a reasonable basis to question the judge's impartiality in subsequent separate litigation involving that same party. We simply hold here, as the trial court did, that Judge Chumney's prior service as an attorney in the cases cited by the City do not satisfy this standard.

---

[4] Although of course not binding on this Court, we also take stock of a Sixth Circuit decision cited by Balmoral in the trial court, *U.S. v. Hurst*, 951 F.2d 1490 (6th Cir. 1991). Of note, somewhat similar to the complained-of litigation involving the suspended attorney referenced in this case, the prior litigation at issue in the *Hurst* case involved the fact that the *Hurst* judge, in his prior life as a private attorney, had filed a lawsuit against the defendant on behalf of clients and alleged fraud. The Sixth Circuit concluded it was "satisfied that a reasonable person would consider the trial judge to be impartial . . . and find no prejudice toward [the] defendant." *Id.* at 1503.

## CONCLUSION

For the reasons stated herein, we affirm the trial court's denial of the City's motion to recuse.


                             _s/ Arnold B. Goldin_
                          ARNOLD B. GOLDIN, JUDGE